SIDNEY J. COHEN, ESQ., State Bar No. 39023
SIDNEY J. COHEN PROFESSIONAL CORPORATION
427 Grand Avenue
Oakland, CA 94610
Telephone: (510) 893-6682

Attorneys for Plaintiff
RICHARD SKAFF

FILED
DEC 31 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD SKAFF

  Plaintiff,

V.

RESTAURANTS UNLIMITED, INC. and DOES 1-25, Inclusive,

  Defendants.

CASE NO. C08-05792 CW
Civil Rights

**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, (§54, §54.1, §55 CIVIL CODE; §19955 ff HEALTH & SAFETY CODE); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990, 42 USC §§12181. et. seq.**

**DEMAND FOR JURY TRIAL**

Plaintiff RICHARD SKAFF complains of Defendants above named, and each of them, and alleges as follows:

**FIRST CAUSE OF ACTION: DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION: PUBLIC FACILITIES IN A RESTAURANT (§§19955 Et. Seq., Health & Safety Code, §54.1 Civil Code)**

1. Mr. Skaff is a "person with a disability" or "physically handicapped person."[1] Mr. Skaff requires the use of a wheelchair for locomotion and is unable to use portions of public facilities which are not accessible to disabled persons who require the use of a wheelchair.

2. **SUMMARY**: This case involves the denial of disabled accessible parking, paths of travel, restrooms, bar, and related facilities to Mr. Skaff and other disabled persons at the Skates Restaurant, 100 Seawall Drive, Berkeley, California. Mr. Skaff was denied equal protection of the law and was denied Civil Rights under both California law and federal law. Mr. Skaff was denied his rights to full and equal access at the Restaurant because it was not, and is not, properly accessible to disabled persons such as Mr. Skaff who use wheelchairs. Mr. Skaff seeks injunctive relief to require that Defendants make the Restaurant and related facilities accessible to disabled persons and to ensure that any disabled person who attempts to use the Restaurant and its facilities will be provided accessible parking, paths of travel, entry, seating bar, restrooms, and related facilities. Mr. Skaff also seeks recovery of damages for his physical and personal injuries and discriminatory experiences and seeks recovery of reasonable attorneys' fees, litigation expenses and

---

[1] (Hereinafter, the words "physically handicapped" and "physically disabled" are used interchangeably as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 Health & Safety Code uses the term "physically handicapped persons," and the statutes protecting "Blind and other physically disabled persons," §§54, 54.1, 54.3 and 55 Civil Code and other statutory measures refer to the protection of the rights of "individuals with disabilities.")

costs, according to statute.

3. **JURISDICTION:** This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 *et seq*. Pursuant to pendant jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Government Code §4450, *et. seq.*, Health & Safety Code §19955 *et seq.*, including §19959; Title 24 California Code of Regulations; and California Civil Code §§ 54, 54.1 and 55.

4. **VENUE:** Venue is proper in this court pursuant to 28 USC 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Mr. Skaff's causes of action arose in this district.

5. **INTRADISTRICT:** This case should be assigned to the San Francisco intradistrict as the real property which is the subject of this action is located in said intradistrict and Mr. Skaff's causes of action arose in said intradistrict.

6. Defendants and DOES 1-10, Inclusive, are the owners, operators, lessors, and/or lessees of the subject Restaurant and facility. This building is a "public accommodation or facility" subject to the requirements of California Health & Safety Code §19955 et seq. and of the California Civil Code, §54, et seq. On information and belief, this facility has, since July 1, 1970, either been constructed and/or undergone "alterations, structural repairs, or additions" subjecting such restaurant to disabled access requirements per §19959 Health & Safety Code.

7. The true names and capacities of Defendants DOES 11 through 25, Inclusive, are unknown to Mr. Skaff who therefore sues said Defendants by such fictitious names; Mr. Skaff is informed and believes that each of the Defendants herein designated as a DOE is legally responsible in some manner for the events and happenings herein referred to and caused injury and damages proximately thereby to Mr. Skaff. Mr. Skaff prays leave of Court to amend this Complaint to show such

true names and capacities when the same have been ascertained.

8. Defendants and DOES 1-10, Inclusive, are and/or were the owners, operators, lessors, and/or lessees of the subject Restaurant and facility during all times relevant to this Complaint. Mr. Skaff is informed and believes that each of the Defendants herein is the agent, employee or representative of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity and is responsible in some manner for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

9. Mr. Skaff and other similarly situated physically disabled persons who require the use of a wheelchair are unable to use public facilities on a "full and equal" basis unless each such facility is in compliance with the provisions of the Health & Safety Code §19955 et. seq. Mr. Skaff is a member of that portion of the public whose rights are protected by the provisions of §19955 et seq. Health & Safety Code. The acts and omissions of Defendants complained of herein were committed in the Berkeley, State of California.

10. §19955 Health & Safety Code was enacted "To ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include Restaurants. §19955 Health & Safety Code also requires that "When sanitary facilities are made available for the public, clients or employees in such accommodations or facilities, they shall be made available for the physically handicapped." Title 24, California Code of Regulations, formerly known as the California Administrative Code, was in effect at the time of each alteration which, on information and belief, occurred at such public facility since July 1, 1982, thus requiring access complying with the specifications of Title 24 whenever each such

Complaint for Damages and Injunctive Relief -3-

"alteration, structural repair or addition" is carried out. On information and belief, the original construction of the building and/or alterations, structural repairs, or additions which additionally triggered access requirements occurred between July 1, 1970 and July 1, 1982, and required access pursuant to the A.S.A. (American Standards Association) Regulations then in effect.

11. On or about November 2, 2007 Mr. Skaff and his wife arrived at the Restaurant in Mr. Skaff's van for drinks and dinner. Mr. Skaff encountered significant difficulty in the parking lot serving the Restaurant and on the path of travel from the parking lot to the Restaurant. For example, the parking lot did not have the required number of parking places, the painting on the "accessible" parking spaces were faded, the pedestrian ramp from the parking lot to the Restaurant had a swale with a slope well in excess of federal and state requirements intersecting with another slope well in excess of federal and state requirements for a combined slope of over 25%, again well in excess of federal and state requirements, and the curb ramp on the path of travel to the Restaurant had a slope well in excess of federal and state requirements.

12. After arriving at the entrance to the Restaurant with much difficulty, Mr. Skaff noticed that there was no signage at the entry setting forth the location of accessible features such as an accessible rest room. After gaining entry to the Restaurant with difficulty, Mr. Skaff proceeded down a ramp to the bar area, where he encountered a bar counter without a compliant lowered section for persons such as himself who use wheelchairs and which prevented him from sitting at the bar. Consequently, he had to sit at a table in the bar area near the bottom of the ramp. This table, as all others in the bar area, had a pedestal base which prevented him from rolling his wheelchair under the table and forced him to sit sideways at the table. To get to the dining room from the bar area beginning at the bottom of the ramp to the bar area, Mr. Skaff had to follow a path of travel between the bar

Complaint for Damages and Injunctive Relief        -4-

counter seating and bar tables. Because the width of this path of travel is significantly narrower than is permitted by federal and state laws and regulations, Mr. Skaff had a great deal of difficulty getting to the dining area and had to ask a substantial number of customers to move so that he could squeeze through to the dining room. During his encounter at the Restaurant, Mr. Skaff had the need to use an "accessible" restroom, which also is represented as being in the dining area. However, upon reaching the "accessible" restroom, Mr. Skaff discovered it to be inaccessible to persons such as himself who require wheelchairs for mobility. In this regard, the "accessible" restroom lacks proper signage, lacks the required clear space in front of the toilet, lacks the required clear space under the lavatory, lacks a lavatory with the required space between the center line and the adjacent wall, lacks a toilet with the required space between the centerline and the adjacent wall, and lacks a side grab bar that extends the required distance from the back wall.

13. Mr. Skaff communicated with Restaurants Unlimited, Inc verbally and by e mail regarding access issues and received an e mail dated December 27, **2007** from Restaurants Unlimited, Inc. in response which represented that in the beginning of the calendar year (2008) it would give "... a high priority to have the restrooms compliant as well as the other things on the list from Paul Church, the ADA coordinator of the City of Berkeley."

14. On December 3, **2008**, Mr. Skaff returned with his wife to the Restaurant to determine what, if anything, Restaurants Unlimited, Inc. had done to bring the Restaurant into compliance with federal and state disabled access laws and regulations and, if it had brought the Restaurant into compliance, to have dinner at the Restaurant. Much to his dismay, Mr. Skaff found that the Restaurant and its facilities remained virtually the same as they were on his November 2, 2007 encounter. Deterred by the lack of disabled access, Mr. Skaff and his wife left the Restaurant without dinner.

15. Further, any violation of the Americans With Disabilities Act of 1990, (as pled in the Second Cause of Action hereinbelow, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of §54(c) and §54.1(d) California Civil Code, thus independently justifying an award of damages and injunctive relief pursuant to California law, including but not limited to §§54.3 and 55 Civil Code.

16. **INJUNCTIVE RELIEF:** Mr. Skaff seeks injunctive relief to prohibit the acts and omissions of Defendants as complained of herein which are continuing on a day-to-day basis and have the effect of wrongfully excluding Mr. Skaff and other members of the public who are physically disabled wheelchair users from full and equal access to the Restaurant and its facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Mr. Skaff in that these actions continue to treat Mr. Skaff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities and requires the use of a wheelchair for movement in public places; Mr. Skaff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of this public Restaurant and its facilities. Mr. Skaff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of the Restaurant and its facilities. Until Defendants make the Restaurant and its facilities accessible to and useable by Mr. Skaff, he is deterred from returning to and using the Restaurants and its facilities. Mr. Skaff wishes to return to and use the Restaurant as soon as it is accessible to him in compliance with federal and state laws and regulations. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Mr. Skaff if not enjoined by this court.

17. **DAMAGES:** As a result of the denial of equal access to the Restaurant and its facilities, and due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining

the subject facility, Mr. Skaff suffered a violation of his Civil Rights including but not limited to rights under §§ 54 and 54.1 Civil Code, and suffered physical injury, discomfort and pain, mental and emotional distress, embarrassment and humiliation, all to his damages as hereinafter stated. Defendants' actions and omissions to act constituted discrimination against Mr. Skaff on the sole basis that he was physically disabled and unable, because of the architectural barriers created and/or maintained by the Defendants in violation of the subject laws, to use the Restaurant and its facilities on a full and equal basis as other persons. Mr. Skaff also seeks trebling of all actual damages, general and special, as provided by §54.3 Civil Code.

18. **PUNITIVE DAMAGES:** On information and belief, Defendants were aware prior to Mr. Skaff's 2007encounter at the Restaurant and denial of access that the lack of accessible facilities at the Restaurant was denying "full and equal access" to disabled persons and would continue to deny such access on a daily basis until fully accessible facilities were provided for disabled patrons of the Restaurant. Further, despite the fact that Mr. Skaff specifically put defendants on notice of the lack of access, Defendants in fact have failed to take the requisite action to bring the Restaurant and its facilities into full compliance with mandatory access requirements of California disabled access laws and regulations or with the Americans With Disabilities Act.

19. On information and belief, the acts and omissions of Defendants in failing to provide the required accessible facilities at the time of Mr. Skaff's visit and injuries and Defendants' failure to provide accessible facilities after previous complaints or after Mr. Skaff's efforts to persuade Defendants to bring the Restaurant into compliance with federal and state disabled access laws and regulations, indicates actual and/or implied malice toward Mr. Skaff and other disabled persons, and despicable conduct carried on by Defendants with a willful and conscious disregard for the rights and safety of Mr. Skaff and other disabled persons,

and justify exemplary damages pursuant to §3294 Civil Code in an amount sufficient to make an example of Defendants and to carry out the purposes of §3294 Civil Code.

20. **FEES AND COSTS:** As a result of Defendants' acts, omissions, and conduct, Mr. Skaff has been required to incur attorneys' fees, litigation expenses, and costs as provided by statute, in order to enforce his rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Mr. Skaff therefore seeks recovery of all reasonable attorney's fees and costs, pursuant to the provisions of §54.3 Civil Code. Additionally, Mr. Skaff's lawsuit is intended not only to obtain compensation for damages to Mr. Skaff, but also to force the Defendants to make the Restaurant and its facilities accessible to all disabled members of the public, justifying "public interest" attorneys' fees, litigation expenses and costs pursuant to the provisions of §1021.5 Code of Civil Procedure.

21. Wherefore Mr. Skaff asks this court to preliminarily and permanently enjoin any continuing refusal by Defendants to grant such access to Mr. Skaff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons. Such injunctive relief is provided by §19953 Health & Safety Code and California Civil Code §55, and other law. Mr. Skaff further requests that the court award damages pursuant to Civil Code §54.3 and other law and statutory costs and attorney fees pursuant to §19953 Health & Safety Code, Civil Code §54.3 and 55, Code of Civil Procedure §1021.5 and other law, all as hereinafter prayed for.

Wherefore Mr. Skaff prays for relief as hereinafter stated:

**SECOND CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990**
**42 USC §12101FF**

22. Mr. Skaff repleads and incorporates by reference, as if fully set forth

again herein, the allegations contained in Paragraphs 1 through 21 of this Complaint, and incorporates them herein as if separately repled.

23. Pursuant to law, in 1990 the United States Congress made findings per 42 USC §12101 regarding physically disabled persons, finding that laws were needed to more fully protect "some 43 million Americans [with] one or more physical or mental disabilities;" that "historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;" that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals;" and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous. . . ."

24. Congress stated as its purpose in passing the Americans with Disabilities Act (42 USC §12101(b))

> It is the purpose of this act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
>
> (2) to provide clear, strong, consistent, <u>enforceable standards</u> addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of <u>discrimination faced day to day</u> by people with disabilities. (Emphasis added)

25. As part of the Americans with Disabilities Act, Public Law 101-336, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC 12181ff). Among "private entities" which are considered "public accommodations" for purposes of this title are a "... a

restaurant, bar or other establishment serving food or drink." (§301(7)(B) and "...a hotel, motel or other place of lodging." (301 (7) (A).

26. Pursuant to §302, 42 USC §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

27. Among the specific prohibitions against discrimination were included: §302(b)(2)(A)(ii): "A failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;"

§302(b)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...:"

§302(b)(2)(A)(iv): "A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§302(b)(2)(A)(v): "Where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable." The acts and omissions of Defendants set forth herein were in violation of Mr. Skaff's rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36ff.

28. The removal of each of the barriers complained of by Mr. Skaff as hereinabove alleged, were at all times herein mentioned "readily achievable" under

the standards of the Americans With Disabilities Act. As noted hereinabove, removal of each and every one of the architectural barriers complained of herein were also required under California law. On information and belief, access in certain particulars were also required by alterations and additions to the premises occurring after January 26, 1993, pursuant to section 303 of the ADA (42 USC 12183).

29. On information and belief, as of the date of Mr. Skaff's visit, and as of the date of the filing of this Complaint, the premises denied full and equal access to Mr. Skaff and to other disabled wheelchair users in other respects, which violated Mr. Skaff's rights to full and equal access and which discriminate against Mr. Skaff on the basis of his disability, thus wrongfully denying to Mr. Skaff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of §302 of the ADA, 42 USC §12182. Said premises continue on a day to day basis to deny Mr. Skaff and other disabled persons such full and equal access.

30. Pursuant to the Americans with Disabilities Act, 42 USC 12188ff, §308, Mr. Skaff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Mr. Skaff is being subjected to discrimination on the basis of disability in violation of this title or has reasonable grounds for believing that he is about to be subjected to discrimination in violation of §302. On information and belief, Defendants have continued to violate the law and deny the rights of Mr. Skaff and of other disabled persons to access this public accommodation since on or before Mr. Skaff's visit. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title."

31. Mr. Skaff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights Act of 1964, (42 USC 2000(a)-3(a), and pursuant to Federal

Regulations adopted to implement the Americans with Disabilities Act of 1990. Mr. Skaff is a person for purposes of Section 308(a) of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to use the facilities.

Wherefore Mr. Skaff prays for relief as hereinafter stated:

### PRAYER

1. Issue a preliminary and permanent injunction directing Defendants as owners, operators, lessors and /or lessees of the subject Restaurant and facilities to modify the above described facilities so that each provides adequate access to all citizens, including persons with disabilities; and issue a preliminary and permanent injunction directing Defendants to provide facilities usable by Mr. Skaff and similarly situated persons with disabilities, and which provide full and equal access, as required by law;

2. Retain jurisdiction over the Defendants until such time as the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of herein no longer occur, and will not recur;

3. Award to Mr. Skaff all appropriate damages, including but not limited to statutory damages, general damages and special damages in an amount within the jurisdiction of the Court, treble damages pursuant to Civil Code Section 54.3, and punitive damages pursuant to Civil Code section 3294 in sufficient amount to make an example of Defendants, all according to proof.

4. Award to Mr. Skaff reasonable attorneys' fees, litigation expenses, and costs of this proceeding as provided by law; and

5. Grant such other and further relief as this Court may deem just and proper.

Complaint for Damages and Injunctive Relief    -12-

1 | Dated: 12/8/08              SIDNEY J. COHEN
2 |                             PROFESSIONAL CORPORATION
3 |
4 |                             By _____
5 |                                Sidney J. Cohen
                                   Attorney for Plaintiff Richard Skaff

6 |                    <u>DEMAND FOR JURY TRIAL</u>
7 |         Plaintiff hereby demands a jury for all claims for which a jury is
8 | permitted.
9 | Dated: 12/18/08             SIDNEY J. COHEN
                                PROFESSIONAL CORPORATION
10 |
11 |
12 |                            By /s/ Sidney Cohen
13 |                               Sidney J. Cohen
                                   Attorney for Plaintiff Richard Skaff